UNITED STATES, Appellee

v

JOHN P. STILES, Private, U. S. Marine
Corps, Appellant

9 USCMA 384, 26 CMR 164

No. 10,928

Decided June 20, 1958

*Commander John P. Gibbons,* USN, argued the cause for Appellant, Accused.

*Lieutenant Colonel Charles H. Beale, Jr.,* USMC, argued the cause for Appellee, United States.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A special court-martial sentenced the accused to a bad-conduct discharge, partial forfeitures, and *solitary* confinement for one month. Intermediate appellate authorities affirmed. The Judge Advocate General of the Navy certified the case to this Court on the following question:

384

"Was the sentence as imposed by the court a legal sentence?"

Generally, courts-martial can "adjudge any punishment not forbidden by" the Uniform Code of Military Justice. Articles 18, 19 and 20, Uniform Code of Military Justice, 10 USC §§ 818, 819 and 820. Specifically, a special court-martial is prohibited from adjudging confinement in excess of "such limits as the President may prescribe" for the particular offense (Article 56, Uniform Code of Military Justice, 10 USC § 856); and in no case can it adjudge confinement "for more than six months." Article 19, supra. Nowhere in the Uniform Code is mention made of solitary confinement. In that regard the Uniform Code is different from the superseded Articles for the Government of the Navy, 34 USC § 1200, which authorized the imposition of such confinement with or without limited rations. Articles 24, 30 and 35, Articles for the Government of the Navy, supra.

With two exceptions, the Uniform Code does not leave determination of the conditions of confinement to the court-martial. One of the exceptions concerns persons attached to or embarked in a vessel. Such persons can be sentenced to confinement on bread and water for a period not in excess of three days. Article 15, Uniform Code of Military Justice; United States v Wappler, 2 USCMA 393, 9 CMR 23. Even here, however, the court-martial does not determine whether the accused shall be confined alone or with others. Instead, the Manual for Courts-Martial, United States, 1951, regulates the condition of confinement. It provides that a sentence to confinement on bread and water "involves confinement in a place where the prisoner can communicate with no unauthorized persons." Paragraph 125, page 206.[1] The second exception concerns "hard labor." Inferentially, Article 58 gives the court-martial authority to impose confinement at hard labor. It provides that "the omission of the words 'hard labor' from any sentence of a court-martial" does not deprive the authority executing the sentence of the power to require the accused to perform hard labor. The Code inference is made explicit by the Table of Maximum Punishments and the Table of Equivalent Punishments provided by the President in accordance with his power to prescribe the limits of punishment for offenses under the Uniform Code. Article 56, Uniform Code of Military Justice, 10 USC § 856. But in neither table is solitary confinement listed as a permissible punishment.

Two statements in the Manual, which are set out in the margin,[2] are relied upon by the Government as compelling the conclusion that at least a Navy court-martial can impose a sentence to solitary confinement.

This construction of the Manual has been followed in practice by the Navy. See United States v Wappler, supra; United States v Wyatt, supra. It immediately raises the question whether Navy personnel can, for the same offense, legally be subjected to punish-

---

[1] It would appear from the quoted provision that the Manual contemplates that a sentence to confinement on bread and water is carried out by way of solitary confinement. Thus, it defines solitary confinement as "restraint that includes the placing of a prisoner by himself where he can communicate with no unauthorized person." Manual for Courts-Martial, United States, 1951, paragraph 125, page 206; see United States v Wappler, 2 USCMA 393, 9 CMR 23; United States v Wyatt, 2 USCMA 647, 10 CMR 145. However, we need not reach this question.

[2] "Neither confinement on bread and water or diminished rations nor solitary confinement shall be adjudged by courts-martial as punishment against Army or Air Force personnel.

•   •   •   •   •

"Solitary confinement is restraint that includes the placing of a prisoner by himself where he can communicate with no unauthorized person. Solitary confinement shall be imposed upon insubordinate or recalcitrant offenders only. It shall not be imposed upon any offender in excess of 30 days." [Manual for Courts-Martial, United States, 1951, paragraph 125. These statements have been construed as empowering Navy courts-martial to impose solitary confinement. Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, page 172.]

385

ments different from that authorized for personnel of the other services. In other words, is there a "sound and justifiable basis for the differentiation" in punishment between Navy and other Armed Services personnel under the Uniform Code? United States v Wappler, supra, page 396. However, we can pass this question to reach the broader issue of whether the President has authorized a Navy court-martial to adjudge solitary confinement. The provisions cited by the Government hint at the possession of such authority. However, we find them altogether too equivocal to constitute a positive grant of power sufficient to overcome the limitations on imposing conditions of confinement, which are set out in the Table of Maximum Punishments and in other Manual provisions relating to confinement. See paragraphs 126*j* and *k*, 127*c*, 131*b*.

To the extent that it directed the manner in which the accused would serve the period of confinement adjudged, the court-martial here exceeded the limits of punishment set by the President. The "solitary" part of the sentence is illegal.[3] We answer the certified question in the negative. Since the confinement part of the sentence was ordered into execution by the convening authority, it probably has been fully served. Accordingly, the board of review may wish to consider adjustment of other parts of the sentence as an appropriate offset. The record of trial is returned to The Judge Advocate General of the Navy for submission to the board of review for reconsideration of the sentence.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

I do not believe it necessary to go beyond the ordinary rules of construction to arrive at a proper disposition of this case. Except in a few isolated in-stances, the Code provides that the punishment for the violation of a particular Article shall be as a court may direct. Pretermitting the limitations imposed on the lesser courts-martial and those fixed by the Table of Maximum Punishments—neither of which are herein involved—the punishment assessable is unfettered except by the Code proscription against cruel and unusual punishment.

Prior to the enactment of the Uniform Code of Military Justice, Naval law authorized the imposition of solitary confinement for a period not to exceed thirty days. Articles 30 and 35, Articles for the Government of the Navy. However, the Army and Air Force courts were denied that authority by paragraph 115, Manual for Courts-Martial, U. S. Army, 1949. The latter obviously was a limitation imposed by the President, for the Articles of War did not prohibit that form of punishment. Accordingly, the real questions confronting us are whether the Code made any significant change in the sentencing powers of the respective courts and whether there are sufficient indicia in the Code or its legislative history to establish that Congress intended to ban solitary confinement because it was cruel and unusual punishment.

A very similar problem was presented to us in United States v Wappler, 2 USCMA 393, 9 CMR 23. There we discussed the provisions of paragraph 125, Manual for Courts-Martial, United States, 1951, and determined that a sentence imposing confinement on bread and water for over three days was illegal. The process of reasoning which led us up to that conclusion commenced with the concept found in the following quoted paragraph:

". . . However, paragraph 125, Manual for Courts-Martial, United States, 1951, after forbidding sentences to confinement on bread and water for Army or Air Force person-

---

[3] It should be noted that the penal officials have certain broad powers of control over a confined accused which include, in an appropriate case, the imposition of solitary confinement for a breach of prison discipline (United States v Vaughan, 3 USCMA 121, 11 CMR 121), and to meet the needs of maximum security for dangerous prisoners. United States v Pridgeon, 153 US 48, 38 L ed 631, 14 S Ct 746 (1894).

nel—except, apparently, as nonjudicial punishment imposable under Article 15 of the Code, supra—goes on to provide specifically that Navy, Marine, and Coast Guard courts-martial may impose confinement on bread and water for periods not in excess of 30 days, with the restriction that 'no accused shall be deprived of a full ration for a period longer than three consecutive days.' Other limitations not here pertinent are also stated there. If this provision of the Manual is not in conflict with the Code, the sentence of the court-martial in this case to confinement on bread and water was not an unlawful one. If however, there is conflict with the Code, the latter, of course, controls and we must hold that the court below erred. United States v Clark (No. 190), 2 CMR 107, decided February 29, 1952."

From that hypothesis, we then went on and determined that, because Congress had only permitted confinement on bread and water for three days, any greater period was cruel and unusual within the intendment of Article 55. An application of the rationale of that opinion to this case compels the conclusion that solitary confinement has not been determined by Congress to be within the pale of that Article.

If, as we said in United States v Wappler, supra, paragraph 125 of the Manual specifically permits Navy, Coast Guard, and Marine Corps courts to impose confinement on bread and water, it follows as a matter of course that the paragraph specifically allows them to punish by sentencing an accused to solitary confinement. Limiting the last two sentences in that paragraph to those Services, it becomes clear that their courts-martial may adjudge solitary confinement if the accused is an insubordinate or recalcitrant offender, provided it is limited to a period of time not exceeding thirty days. Consequently, unless that form of punishment is directly or inferentially prohibited by the Code, the Manual provision remains valid and legal. I find no variance between the two provisions (see in this connection Stroud v Johnston, 139 F2d 171 (CA9th Cir) (1943), certiorari denied, 321 US 796, 88 L ed 1085, 64 S Ct 846 (1944)), none are reflected in the briefs, and none are mentioned by the Court in its opinion. True, a preceding statement excludes such punishment against Army or Air Force personnel, but that does not affect courts-martial in the other services.

Even if I were to conclude that the solitary confinement portion of the sentence imposed in this case was illegal and void, I still could not join with my brothers. The remainder of the accused's sentence is perfectly legal since there exists no conflict with the law. While the convening authority approved the sentence and ordered it executed, he suspended that portion adjudging a bad-conduct discharge for the period of confinement and three months thereafter, at which time, unless the suspension was sooner vacated, the punitive discharge was to be remitted without further action. The supervisory authority approved the action taken by the convening authority. The board of review decided that solitary confinement should not have been imposed in this case because the accused was not shown to have been insubordinate or recalcitrant. However, it noted the accused had already served the solitary confinement portion of the sentence and remedial action as to that ingredient would be pointless. It registered disapproval of the practice but affirmed the findings and sentence. Thus, the board has already considered the appropriateness of sentence, sans the solitary confinement feature. For this reason, I feel that this Court is requiring the board to repeat a task already accomplished.

I would affirm the decision of the board of review.