UNITED STATES, Appellee

v

RAYMOND DUNN, Airman Second Class,
U. S. Air Force, Appellant

9 USCMA 388, 26 CMR 168

No. 10,761

Decided June 20, 1958

*Captain Richard C. Bocken* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottleib.*

*Captain John W. Fahrney* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

ROBERT E. QUINN, Chief Judge:

A general court-martial convicted the accused of three specifications of larceny of Army and Air Force Exchange Service property. The first issue presented for our consideration concerns the sentence.

When the court-martial returned from its deliberation on the sentence, the law officer asked if it had arrived at a sentence. Receiving an affirmative reply, he asked for, and obtained from the president, a handwritten statement. He read it, and as a result of "certain ambiguities" he thought he found in it, he instructed the court on "hard labor" as part of a sentence to confinement and on forfeitures. He then held a conference with counsel at the bar. As a result of the conference, he advised the court-martial to disregard his instructions on forefeitures, but reaffirmed his instructions in regard to "hard labor." The material part of the latter and the action taken by the court are as follows:

". . . Therefore the only ambiguity in the sentence of the court as written out by the president relates to the other instruction which I gave to the court. I will now repeat that instruction. The court is instructed that in a sentence to confinement the sentence as announced should state confinement at hard labor if that is the sentence which has been reached. A sentence to confinement without hard labor is improper. And a sentence to confinement which omits the words hard labor does not deprive the authority executing such sentence of the power to require hard labor as a part of punishment. In view of these instructions, the president is asked to examine again the sentence written out by the court and if the sentence voted on by the court was a sentence to confinement at hard labor, in announcing such sentence the court will state the sentence in that manner, that is confinement at hard labor, rather than stating simply confinement.

"Did the court reach a sentence which the president can announce properly in view of the additional instructions which I have given you?

"PRES: We can.

"LO: Would the accused approach the president while the president announces?

"PRES: Airman, Second Class, Raymond Dunn, it is my duty as president of this court to inform you that the court in closed session and upon secret written ballot, two thirds of the members present at the time the vote was taken concurring sentences you to be discharged from the service with a bad conduct discharge, to forfeit $49.00 per month for 18 months and to be confined at hard labor for 18 months."

The statement reciting the sentence which was handed to the law officer is appended to the record of trial as an appellate exhibit. In pertinent part it reads, "confinement AT HARD LABOR for 18 months." The capitalized words appear as an interlineation between the words "confinement" and "for." From the law officer's instruction, it is apparent that the words were added after his advice. It is also apparent from the transcript of the conference at the bar that defense counsel did not know what the statement said. He is reported as saying, "Not knowing what the sentence is the defense counsel can make no objection."

A court-martial can impose any sentence not prohibited by the Uniform Code and which is within the limits prescribed by the President of the United States for the offense for which the accused is convicted. Congress plainly contemplated that confinement, with or without hard labor, would be among the punishments adjudged by a court-martial. Thus, Article 58(b) of the Uniform Code, 10 USC § 858, provides that omission of the words "hard labor" from a sentence to confinement adjudged by the court-martial shall not be construed as depriving "the authority executing that sentence of the power to require hard labor as a part of the pun-

ishment." The provision accords with the practice in the Federal criminal law.

In the Federal practice, as in the military, the court does not determine the place of confinement. Stillwell v Looney, 207 F 2d 359 (CA 10th Cir) (1953); Manual for Courts-Martial, United States, 1951, paragraph 126*j*. In the civilian field the place of confinement of a prisoner is determined by the Attorney General. If he designates a place of confinement that requires hard labor as part of its discipline, the accused can be required to perform such labor, notwithstanding the fact that the statute defining the offense for which sentence is imposed does not authorize hard labor as part of the penalty. United States v Pridgeon, 153 US 48, 38 L ed 631, 14 S Ct 746 (1894). The accused is entitled to deletion of the words "hard labor" from the sentence to make it technically conform to the statute, but he cannot avoid performance of hard labor.[1] If, therefore, the original statement handed to the law officer constitutes the actual sentence of the court the accused would, at best, be entitled to no more than correction of the court-martial order to show that the sentence adjudged is confinement, instead of confinement at hard labor.

However, the problem is complicated by a Manual provision. Paragraph 126*j* provides as follows:

"Confinement without hard labor will not be adjudged. The omission of the words 'hard labor' in any sentence of a court-martial adjudging confinement shall not be construed as depriving the authority executing such sentence of the power to require hard labor as a part of the punishment (Art. 58*b*)."

If, as the Government argues, because of this provision confinement without hard labor is not "a punishment sanctioned by the President," Article 58(b) of the Uniform Code is useless. A sentence not within the limits prescribed by the President is illegal. Article 56, Uniform Code of Military Justice, 10 USC § 856. Hence, confinement without hard labor would be illegal, and Article 58 would never come into operation. The President did not intend that result. On the contrary, the Manual provision seems only to be a discussion of the effect of Article 58(b) which establishes a similarity between the military practice and the practice in the Federal criminal courts. Apparently, the Government itself recognizes this limited purpose. In its brief, it says that the earlier provision in the 1908 Manual for Courts-Martial "served to bring the military practice in line with civilian procedure." In our opinion, the Manual merely construes Article 58(b). It reiterates the grant of power to executing authorities to require "hard labor" of a person sentenced to confinement. It does not constitute a maximum punishment provision which voids a sentence to confinement that does not expressly include hard labor. Recently, we pointed out that the court-martial does not normally fix the conditions of confinement. United States v Stiles, 9 USCMA 384, 26 CMR 164. That subject is generally left to the executing authorities. And Article 58(b) so provides. Clearly, then, the law officer erred in instructing the court that a sentence to confinement without hard labor is "improper."

In some respects the sentence proceedings here were like those in United States v Linder, 6 USCMA 669, 20 CMR 385. In both cases the law officer took a writing from the president of the court, and without disclosing its contents to the parties, gave instructions which he believed were necessary to eliminate "errors" in the proposed sentence. In the *Linder* case it was clear that the court reached a sentence, but reconsidered it after it had received the additional instructions. The Government contends that there was no reconsideration here. Support for its

---

[1] Manifestly, correction of the sentence is of little practical value to the accused. However, a sentence to confinement without mention of hard labor is apparently regarded as carrying less of a "stigma" than one which specifically directs hard labor. Jackson v United States, 102 Fed 473 (CA 9th Cir) (1900); Ex parte Harlan, 180 Fed 119 (ND Fla) (1909), affirmed, 218 US 442, 54 L ed 1101, 31 S Ct 44.

argument appears in the fact that the law officer requested the president of the court to re-examine the writing, and "if the sentence *voted on by the court* was a sentence to confinement at hard labor" he was to announce it in "that manner." The immediate response of the president and the absence of objection by any court member can be construed as proof that confinement at hard labor was actually the sentence voted upon and adjudged by the court-martial. United States v Robinson, 4 USCMA 12, 15 CMR 12. In the view which we take of the case, however, we need not decide this question.

The second error alleged by the accused relates to the post-trial review. After an excellent summarization of the evidence and a discussion of questions of law which were considered at the trial, the review concludes that the "record is legally sifficient [sic] to support the findings of guilty of the specification and charge." The advice is correct as far as it goes, but it is deficient in failing to advise the convening authority as to the *factual* sufficiency of the evidence. United States v Arthur, 9 USCMA 81, 25 CMR 343; United States v Howes, 9 USCMA 78, 25 CMR 340. Therefore, a new post-trial review is required. On that review the staff judge advocate can consider and recommend appropriate action to the convening authority in regard to the effect of the sentence proceedings.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Air Force for submission to a competent convening authority for further proceedings in accordance with Articles 61 and 64 of the Uniform Code of Military Justice, 10 USC §§ 861 and 864.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in that portion of the Court's opinion which orders a new staff judge advocate's review, but I disagree with the disposition of the other issue.

The question is not of great moment, and a few brief observations will suffice to point up the area of disagreement. I believe that Article 58(b) of the Uniform Code of Military Justice, 10 USC § 858, removes previous differences between a sentence to confinement and a sentence to confinement with hard labor. Courts-martial fix the punishment, and I do not believe Congress intended to clothe a confinement official with powers to increase the severity of the sentence actually imposed. That result follows if the Court's interpretation is correct because if the two are not the same, the imposition of hard labor is grafted on the sentence by a confinement officer—not for administrative reasons, but as additional punishment for the offense. Moreover, such a construction renders Article 58(b) in conflict with the many punitive Articles which say punishment shall be as a court-martial may direct. Under my interpretation, a sentence to confinement without more is not illegal, for a Congressional enactment has made hard labor part of every sentence when confinement is adjudged. Therefore, failure to mention a condition which must legally follow does not render the sentence invalid. The net result of the law officer's colloquy with the court was merely to have the sentence recite what the law states is part of such a sentence. Even when it is stricken the same punishment can be exacted.