UNITED STATES, Appellee

v

JOEL HOROWITZ, Airman Second Class,
U. S. Air Force, Appellant

10 USCMA 120, 27 CMR 194

No. 11,928

Decided January 9, 1959

*Lieutenant Colonel Sam F. Carter* and *Lieutenant Colonel Robert O. Rollman* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels* and *Captain Lawrence J. Gross* were on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused entered pleas of guilty to specifications alleging the forgery of checks in the amounts of $80, $175, and $350, respectively. He was sentenced to dishonorable .discharge, total forfeitures, and confinement at hard labor for five years. The convening authority reduced the period of confinement to three years but otherwise approved the findings and sentence. The board of review affirmed but further reduced the confinement to a pe-

riod of eighteen months. We granted review to determine whether the instructions of the law officer on sentence were erroneous and materially prejudicial to the substantial rights of the accused.

The first assignment of error is predicated upon an instruction by the law officer which included the statement the court could not adjudge confinement for a period of more than six months

120

unless it also adjudged a punitive discharge. This particular instruction was held to be erroneous in United States v Holt, 9 USCMA 476, 26 CMR 256, and United States v Varnadore, 9 USCMA 471, 26 CMR 251. In those cases, there was an indication by the court that it was considering a sentence to confinement without the imposition of a bad-conduct discharge, but the law officer precluded the imposition of such a sentence by instructing as hereinabove set forth. However, an entirely different situation confronts us in this instance. Here, the accused pleaded guilty to three offenses which would have permitted the court-martial to impose a dishonorable discharge, confinement at hard labor for fifteen years, and total forfeitures. The sentence actually imposed by the court was dishonorable discharge, confinement at hard labor for five years, and total forfeitures. A mere recitation of the foregoing facts demonstrates the distinction between this case and *Holt* and *Varnadore*, supra, and is sufficient to establish that the instruction as given had no impact on the court-martial. The accused was, therefore, not prejudiced by its contents.

In its second assignment of error, the defense contends the law officer erred when he advised the court substantially in the language contained in subparagraphs 76a(2), (4), (5), and (6) of the Manual for Courts-Martial, United States, 1951. The instruction given is to all intents and purposes identical with the charge given by the law officer in United States v Mamaluy, 10 USCMA 102, 27 CMR 176, this day decided. We therein held that the instruction is erroneous but there was no material prejudice to the substantial rights of the accused. The case at bar follows generally that pattern, but we need not concern ourselves with a determination of prejudice in this instance. The board of review analyzed the instruction and while it did not specifically find an error of law, it questioned the instruction and assumed for the purpose of sentence that the law officer had erred. In independently assessing the appropriateness of sentence, it gave consideration to the error and reduced the sentence accordingly so that accused presently labors under a sentence of eighteen months' confinement. We are certain the sentence as reduced by the board of review adequately purges any improper considerations the law officer may have injected into his instructions. In view of his plea of guilty, accused has no defense on the merits, and not only has the board of review reassessed the punishment in light of the error, but an eighteen-month sentence for offenses which would permit incarceration for fifteen years seems to us to make it unnecessary to return this record for further consideration on the sentence.

The decision of the board of review is affirmed.

QUINN, Chief Judge (concurring):

I agree generally with the principal opinion's discussion of Point I. In the *Holt* and *Varnadore* cases it clearly appeared the court members were confused as to their sentence powers. See also my dissent in United States v Cleckley, 8 USCMA 83, 86, 23 CMR 307. No such confusion appears here. Hence, the question is whether the erroneous instruction adversely influenced the court in its deliberations. Considering all the circumstances, including the number and the nature of the offenses, the maximum permissible punishment, and the actual sentence adjudged, I am convinced the error did not confuse or adversely influence the court-martial in its deliberation on the sentence. See United States v Cummins, 9 USCMA 669, 26 CMR 449.

I also agree with the conclusion that the harm resulting from the other erroneous instructions was eliminated by the board of review's reassessment of the sentence.

FERGUSON, Judge (concurring in part and dissenting in part):

I dissent as to the disposition of the first assignment of error. As the principal opinion notes, the particular instruction given was held to be erroneous in the *Varnadore* and *Holt* cases,

9 USCMA 471, 26 CMR 251, and 9 USCMA 476, 26 CMR 256, respectively. I do not believe we may correctly hold that what we as judges might say is a light sentence may reach back in time to cure this erroneous instruction. The convening authority obviously did not regard this as a light sentence inasmuch as he reduced the period of confinement from five years to three, and the board of review further reduced it to eighteen months. Yet this Court, which is not possessed of the jurisdiction to pass on the severity of sentence, now states that the accused was not affected by this error. Had a correct instruction been given, there is no way of ascertaining what sentence the court-martial might have adjudged. I believe the decisions in the *Varnadore* and *Holt* cases, both supra, are correct in law and should not now be altered by this opinion. If we are to predicate our reviews upon an *ad hoc* basis, lower military tribunals will be deprived of the guideposts which it is our function to furnish to them.

Since the board of review purged any improper considerations the law officer may have injected into his instruction by independently assessing and reducing the sentence, I concur with the majority opinion as to the disposition of the second assignment of error.