UNITED STATES, Appellee

v

JAMES T. SMITH, JR., First Lieutenant,
U. S. Army, Appellant

10 USCMA 152, 27 CMR 227

No. 12,020

Decided January 23, 1959

First Lieutenant James G. Garner argued the cause for Appellant, Accused. With him on the brief were Major Edward Fenig and First Lieutenant Judson A. Parsons, Jr.

Major Thomas J. Nichols argued the cause for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The accused pleaded guilty to unauthorized absence and the larceny of $495.00 entrusted to him by enlisted personnel for deposit in the Soldiers' Deposit Fund. He was sentenced to dismissal, total forfeitures, and confinement at hard labor for one year.

In the course of his instructions on the sentence, the law officer advised the court-martial that "an officer may not be sentenced to confinement unless the sentence includes dismissal, nor may he be sentenced to hard labor without confinement in any case." Manual for Courts-Martial, United States, 1951, paragraph 126d. Recently, we held that a substantially similar instruction as it relates to enlisted personnel is erroneous. United States v Varnadore, 9 USCMA 471, 26 CMR 251. Although it recognizes the similarity in instruction, the Government contends that the status of officers is sufficiently different from that of enlisted persons to compel a different conclusion. We are not convinced. The correctness of an instruction is not measured by the military rank of the accused.

Error in an instruction does not itself justify reversal. We must determine whether there is a reasonable possibility that the court was misled by the erroneous instruction. If there is no fair risk that the error misled the court, or adversely influenced it in its deliberations, the error may be disregarded. United States v Mamaluy, 10 USCMA 102, 27 CMR 176; United States v Moynihan, 1 USCMA 333, 3 CMR 67. Unlike Varnadore, the record of trial here does

not indicate that the court-martial was confused as to its power over the sentence. Nor, under the circumstances of the case, is there a reasonable possibility that the erroneous instruction caused the court to adjudge dismissal as part of the sentence. United States v Horowitz, 10 USCMA 120, 27 CMR 194. Accordingly, the decision of the board of review is affirmed.

FERGUSON, Judge (concurring):

Although I dissented in United States v Horowitz, 10 USCMA 120, 27 CMR 194, it has fixed the law and, therefore, I concur.

LATIMER, Judge (concurring in the result):

I concur in the result.

I agree that there was no prejudice to the substantial rights of the accused. In the cited case of United States v Varnadore, 9 USCMA 471, 26 CMR 251, and in United States v Holt, 9 USCMA 476, 26 CMR 256, which involved a somewhat similar instruction, I dissented and I have not changed my belief that the instruction sets out a correct principle of military law. However, in the case at bar, the disposition ordered makes it unnecessary for me to go beyond the views I stated in the above mentioned cases.