UNITED STATES, Appellant

v

FRANK GENELLA, Private, U. S. Army, Appellee

10 USCMA 168, 27 CMR 242

No. 12,190

Decided January 30, 1959

*Lieutenant Colonel James G. McConaughy, Major Thomas J. Nichols,* and *First Lieutenant Wade H. Sides, Jr.,* were on the brief for Appellant, United States.

*Colonel James Garnett, Major Edward Fenig,* and *First Lieutenant James H. Garner* were on the brief for Appellee, Accused.

### Opinion of the Court

GEORGE W. LATIMER, Judge:

The accused was charged with a wartime desertion, but the convening authority ordered the case to be treated as noncapital. On arraignment, he entered a plea of guilty to desertion from January 3, 1944, until his apprehension April 4, 1958, in contravention of Arti-

cle of War 58. He was sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for twenty-five years. Subsequently, the convening authority approved only so much of the sentence as provided for dishonorable discharge, total forfeitures, and confinement at hard labor for six months, and suspended the execution of the punitive discharge. The board of review affirmed, and thereafter The Judge Advocate General of the Army certified the following question to this Court under the provisions of Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867:

"Was the board of review correct in determining under the facts of this case that the accused was not prejudiced by the instruction of the law officer that if the general court-martial did not adjudge a punitive discharge it might not adjudge confinement in excess of six months?"

The board of review, in its opinion, noted that the law officer's instruction on sentence was erroneous under the decisions of this Court in United States v Varnadore, 9 USCMA 471, 26 CMR 251, and United States v Holt, 9 USCMA 476, 26 CMR 256, but held the error harmless under all the circumstances. In light of our recent holding in United States v Horowitz, 10 USCMA 120, 27 CMR 194, the question need give us no pause. Here, as in *Horowitz*, there was no indication that the court-martial was considering a sentence to confinement without the imposition of a punitive discharge. Moreover, in the case at bar, accused confessed his guilt of an offense punishable by imprisonment for life, together with accessories, and the court-martial, after deliberating just eleven minutes, adjudged a sentence including twenty-five years' confinement. Manifestly, the posture of the record in this case is even stronger than in *Horowitz*, supra, in compelling the conclusion that the instruction in question had no impact on the sentence. Hence, accused suffered no prejudice from the error. See also United States v Smith, 10 USCMA 153, 27 CMR 227.

Accordingly, the certified question is answered in the affirmative, and the decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.