UNITED STATES, Appellant

v

ANTHONY M. GENUARIO, Private E–2, U. S. Army, Appellee

10 USCMA 260, 27 CMR 334

No. 12,449

Decided March 6, 1959

*Major Thomas J. Nichols* argued the cause for Appellant, United States. With him on the brief was *First Lieutenant Edward J. Lee.*

*First Lieutenant Thomas F. Shea* argued the cause for Appellee, Accused. With him on the brief were *Colonel James Garnett* and *Lieutenant Colonel Ralph Herrod.*

Opinion of the Court

GEORGE W. LATIMER, Judge:

Pursuant to his plea of guilty, accused was convicted by a general court-martial of several offenses in violation

of the Uniform Code of Military Justice. He was sentenced to bad-conduct discharge, total forfeitures, and confinement at hard labor for three months. The convening authority approved, but the board of review, although it affirmed the findings, set aside the sentence and ordered a rehearing thereon. Thereafter, the Acting The Judge Advocate General of the Army certified to this Court for answer the following issue:

"Was the board of review correct in determining that the footnote information contained in the sentence work sheet prejudicially affected the sentence adjudged in this case, thereby requiring a rehearing thereon?"

Only a brief background is necessary for resolution of the certified question. At trial, prior to the time the court-martial closed to deliberate on sentence, the law officer furnished the members with a sentence work sheet which had certain footnotes printed thereon. The ones with which we are concerned provided:

"3. A single sentence adjudged against an enlisted person of an armed force of the United States which does not include dishonorable or bad conduct discharge shall not include confinement at hard labor for a period greater than six months.

.    .    .    .    .

"5. 'To forfeit all pay and allowances' may not be adjudged unless a punitive discharge (DD, BCD or dismissal) is also adjudged."

The board of review concluded there was no significant distinction between the issue raised by this appeal and that decided by this Court in United States v Varnadore, 9 USCMA 471, 26 CMR 251; and United States v Holt, 9 USCMA 476, 26 CMR 256, and ordered a rehearing on sentence.

The decision of the board of review must be reversed. For the eight offenses he committed, the accused could have been sentenced to a lengthy period of confinement, but the record shows no indication that the members of the court-martial contemplated imposing that kind of sentence without including a bad-conduct discharge. And more important, the footnote dealing with imprisonment, by its own terms, is inoperative to influence imposition of punitive separation unless the term of incarceration exceeds six months, and here the court-martial sentenced the accused to be confined only for three months. By the same token, it is unnecessary here that we determine whether the footnote dealing with forfeitures infests the instant case with error. Even if we were to assume—without deciding—that it does, this record is devoid of any indication that that footnote had any impact on the sentence. Certainly nothing in this record suggests remotely that the court-martial members were influenced in assessing a punitive discharge merely to permit the imposition of total forfeitures for a period of three months. The monetary difference between partial forfeitures and total forfeitures for such a short period of time is too small to be given such importance. For the above reasons, we hold that accused has not been prejudiced. United States v Horowitz, 10 USCMA 120, 27 CMR 194; United States v Genella, 10 USCMA 168, 27 CMR 242. See also United States v Smith, 10 USCMA 152, 27 CMR 227.

The certified question is answered in the negative, and the decision of the board of review is reversed. The record is returned to The Judge Advocate General for reference to the board of review and further proceedings not inconsistent with this opinion.

Chief Judge QUINN concurs.

FERGUSON, Judge (concurring):

Because of this Court's decision in United States v Horowitz, 10 USCMA 120, 27 CMR 194, I concur.