UNITED STATES, Appellee

v

MACK S. UNDERWOOD, Captain,
U. S. Air Force, Appellant

10 USCMA 413, 27 CMR 487

No. 12,582

Decided May 8, 1959

*Lieutenant Colonel Sam F. Carter* and *Major Dwight R. Rowland* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels* and *Lieutenant Colonel Francis R. Coogan* were on the brief for Appellee, United States.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

On this appeal the accused challenges the legal effect of certain actions taken by the board of review in the consideration of his case.

Before a general court-martial, the accused pleaded not guilty to six specifications of issuing a check with intent to deceive, and thereafter failing to maintain funds in the bank for payment of the check on presentment. All specifications were charged as a violation of Article 133, Uniform Code of Military Justice, 10 USC § 933, which proscribes conduct unbecoming an officer and gentleman. The accused was found guilty of specification 5 as charged, and of the "lesser included offense" of dishonorable failure to maintain funds to pay on presentment in regard to the remaining specifications. On review, the board of review held that the acts alleged and proved constituted a violation of Articles 133 and 134. It also held that the "degree of misconduct imported by Article 133" is greater than that of Article 134. It concluded, under the circumstances of the case, that the law officer erred in not instructing the court-martial it could consider the offenses as a violation of the less onerous Article 134. To eliminate possible prejudice resulting from the instructional omission, the board of review affirmed the findings of

guilty of the specifications as violations of Article 134, but approved the sentence as being "nonetheless, appropriate."

First, the accused maintains the board of review erred in substituting Article 134 for Article 133 as the proper charge. He does not deny, and indeed it is indisputable, that the allegations of the specifications and the findings of the court-martial spell out violations of Article 134. United States v Downard, 6 USCMA 538, 20 CMR 254; United States v Lightfoot, 7 USCMA 686, 24 CMR 150. However, he contends that "dishonor violative of Article 134 is not different from or lesser included of dishonor violative of Article 133." From the standpoint of the kind of conduct required to prove the dishonor in a check transaction, the argument is entirely correct. See United States v Kirksey, 6 USCMA 556, 559, 20 CMR 272. Although not made clear in the appellate brief, the accused apparently takes issue with the board of review's conclusion that conduct unbecoming an officer and gentleman, in violation of Article 133, contemplates "a greater degree of impropriety" than is required to establish conduct to the prejudice of good order and discipline or of a nature to bring discredit upon the armed forces, in violation of Article 134.

In the *Kirksey* case we observed that bad check offenses might better be laid under the general Article proscribing conduct to the prejudice of good order and discipline or to the discredit of the armed forces rather than as conduct unbecoming an officer and gentleman, although officers were "dealt with traditionally" under the latter provision, while enlisted persons were "customarily" charged under the former. We also pointed out that misconduct of the kind in question by an officer tends to bring dishonor "to the service through dishonoring the actor." Consequently it is arguable, and in fact the board of review maintained, that conduct unbecoming an officer is also conduct to the prejudice of good order and discipline or of a nature to bring discredit upon the armed forces. See also United States v Jackson, 12 CMR 403; United States v Downard, 1 USCMA 346, 3 CMR 80. If the argument is correct, the findings of guilty by the court-martial embrace the substituted findings by the board of review, and the accused has no cause for complaint. Cf. United States v Dozier, 9 USCMA 443, 446, 26 CMR 223. We need not decide the point. If the board of review erred in concluding the findings should be affirmed under Article 134, instead of 133, the relief to which the accused is entitled is remand of the case to the board of review for reinstitution of Article 133 as the Article violated. United States v Dozier, supra. Manifestly, remand would not lessen the stigma of the accused's conviction but rather add to it if the board of review is correct in its view. See United States v Dunn, 9 USCMA 388, 390, footnote 1, 26 CMR 168. Under the circumstances, he certainly is not "the victim of prejudicial error." See United States v Jones, 10 USCMA 122, 127, 27 CMR 196. And remand of the case is unnecessary. See United States v Swanson, 9 USCMA 711, 717, 26 CMR 491.

Turning to the language in which the board of review framed its decision, the accused contends the findings of guilty were actually set aside. The board of review expressly said the evidence was sufficient to establish the offenses found as a violation of Article 133, and in the "exercise of . . . [its] fact-finding responsibilities" it had no reasonable doubt of the accused's guilt. It held as follows:

"For the reasons stated, the findings as to Specification 5 of the Charge may be affirmed, but not as a violation of Article 133. So much of the findings as to Specifications 1, 2, 3, 4, and 6 of the Charge as exceed findings, in each case, that the accused did, at the time and place alleged, make and utter the respective check as alleged to the Carswell Air Force Base Officers Mess for cash, and did thereafter wrongfully and dishonorably fail to maintain sufficient funds in the alleged bank for payment of such check upon its presentment for payment are incorrect in law and are set aside. As to all the specifications, so much of the findings as to the Charge as exceed findings of guilty of violations of Article 134 are likewise incorrect in law and are set aside."

Patently, the board of review intended merely to substitute Article 134 for 133 as the Article of the Uniform Code violated by the accused. If the board of review erred in the substitution, the error was calculated to benefit the accused in respect to the gravity of the findings. The substitution might also have made a difference in regard to the sentence. That it did not do so was due to the over-all circumstances of the case which led the board of review to conclude that the sentence adjudged by the court-martial and approved by the convening authority was "nonetheless, appropriate." Cf. United States v Strand, 6 USCMA 297, 307, 20 CMR 13. We hold, therefore, that the action of the board of review did not prejudice the accused in any substantial right.

The decision of the board of review is affirmed.

Judge LATIMER concurs.

FERGUSON, Judge (dissenting):

I dissent. I would prefer to reach the basis of the board of review's action. In my view the board erred when

**415**

it found that Articles 133 and 134, Uniform Code of Military Justice, 10 USC §§ 933 and 934, stand in the position of greater and lesser offenses. Granted, the same facts as applied to the case of an officer may, under certain circumstances, support a charge laid as a violation of either Article 133 or 134. The Government then has an election as to the Article under which it will proceed.

However, the elements of the two offenses are different and they do not stand in a greater-lesser relationship. Using the classic example of a lesser included offense, every larceny encompasses within it all the elements of wrongful appropriation and if the evidence shows intent to deprive permanently, the offense, of course, becomes the greater one of larceny. Such is not the case here. Every Article 133 offense does not necessarily include within it the elements of prejudice of good order and discipline or discredit upon the armed forces. The elements of prejudice of good order and discipline in the armed forces or discredit upon the armed forces is not an element to the offense under Article 133 and no instruction on these elements is required or proper in a trial under that Article. Article 133 of the Code, which is limited to officers, punishes "conduct unbecoming an officer and a gentleman." Colonel Winthrop, in his Military Law and Precedents, 2d ed, 1920 Reprint, at page 713, states:

" 'Conduct unbecoming an officer and a gentleman' may thus be defined to be: — Action or behaviour in an official capacity, which, in dishonoring or otherwise disgracing the individual as an officer, seriously compromises his character and standing as a gentleman; Or action or behaviour in an unofficial or private capacity, which, in dishonoring or disgracing the individual personally as a gentleman, seriously compromises his position as an officer and exhibits him as morally unworthy to remain a member of the honorable profession of arms."

Conduct violative of Article 133, therefore, is something which discredits the person and there is no necessity to plead or prove any discrediting or prejudicial effect upon the military service. Article 134, on the other hand, applies to both officers and enlisted men and proscribes *inter alia* disorders and neglects to the prejudice of good order and discipline in the armed forces and conduct of a nature to bring discredit upon the armed forces. Where these are elements of the offense they must be instructed on. United States v Williams, 8 USCMA 325, 24 CMR 135.

In the instant case, the offenses were properly charged under Article 133 and the court-martial was instructed that in order to convict they must find that "under the circumstances, the accused's conduct was unbecoming an officer and a gentleman." The court-martial convicted him of that offense and under the above instructions. The majority here affirms a finding of the board of review that the accused is guilty of a violation of Article 134. However, the court-martial did not find a violation of Article 134. The accused was not charged thereunder and the court-martial was not instructed on essential elements of that offense. Cf. United States v Williams, supra. In my view, an accused is prejudiced whenever he is, on appeal, found guilty of some offense of which he was never convicted, simply because it may be considered less serious than the offense for which he was tried. That, in essence, is the result which the majority is here condoning.

The board of review, in my opinion, as noted above, proceeded under a misapprehension of the law. They did, however, state, "We are satisfied that the evidence is sufficient to establish the offenses found, in violation of Article 133." I would, therefore, return the record to the board of review with instructions to approve the conviction as violative of Article 133 of the Code.