UNITED STATES, Appellee

v

RAY CARTE, Sergeant, U. S. Army, Appellant

13 USCMA 274, 32 CMR 274

*First Lieutenant David M. Gill* argued the cause for Appellant, Accused. With him on the brief was *First Lieutenant Ira M. Lechner.*

*Captain William E. Johnson* argued the cause for Appellee, United States. With him on the brief was *Major Francis M. Cooper.*

## Opinion of the Court

KILDAY, Judge:

The accused was found guilty by general court-martial of three specifications of indecent acts with different minor females, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to bad-conduct discharge, forfeiture of $40.00 per month for thirty months and confinement at hard labor for the same period. The convening authority reduced the term of confinement and applicable period of forfeitures to twenty-four months, but otherwise approved the findings and sentence. Thereafter a board of review affirmed, and we granted accused's petition for review.

Inasmuch as the facts of the case are not directly involved in the allegations of error and, since the accused pleaded guilty to all specifications of the charge and consented to a stipulation of the pertinent facts, there is no controversy thereon and no good cause would be served by recital thereof.

Before this Court, appellate defense counsel allege that:

(1) The law officer erred in instructing the court with respect to sentence to hard labor without confinement; and

(2) The law officer erred in instructing the court with respect to a sentence to confinement without hard labor.

In support of its allegations of error the defense points out that after three hours of deliberation on the sentence, the court-martial reopened for the purpose of obtaining from the law officer a clarification of the meaning of and interrelation between confinement and hard labor. The following colloquy between the law officer and members of the court is cited as the basis for the appellant's contentions:

"MAJ BOUCHER: The question was the difference between confinement and hard labor without confinement. Are there any restrictions?

"LO: Hard labor without confinement, the individual is not in the stockade; he works under a detail and remains in his organization.

"PRES: And that would be, automatically we think of that in terms of a short period?

"LO: Yes, generally speaking, a relatively short period although you are not restricted; you can select any punishment you want.

"PRES: We realize that.

"LO: But ordinarily hard labor

**275**

without confinement is usually limited to relatively brief periods. This is the way it has been, but you are free—

· "LT COL DAVIS: Based upon past experience, what would your definition of a relatively short period be? ⁄ ' ＼

"LO:· I would rather not get into that.

"LT COL DAVIS: We have some young officers—

"LO: It is entirely up to the court. You know the maximum and anything between the maximum is up to you to decide.

. . . . .

"PRES: I asked one question, does confinement without hard labor automatically carry reduction to the lowest grade and I believe your answer was, yes, and I asked could you give hard labor without confinement for a period of time and I think, at least my impression was that you could but was usually a company-type punishment where a man was never really put in confinement for a long period of time.

"LO: I don't want to characterize it as company-type; it is within your prerogative. It is perfectly [sic] for a court-martial to adjudge hard labor without confinement. As a general proposition, such sentences are for reasonably short periods of time."

The law officer also advised the court-martial, as to confinement without hard labor:

"I believe my instruction is that you can adjudge just plain confinement but I have read the provisions of Article 58 and it is really immaterial whether you include hard. labor or·not."

The appellant contends that while the law officer properly informed the court that the sentence was within its discretion, he (1) improperly furthered the impression of the president that, as a matter of policy, courts-martial should adjudge sentences to hard labor without confinement for only "relatively short periods of time"; and, (2) he dis-

**276**

tinctly gave the court the impression that, regardless of whether it voted the accused to hard labor or not, such result would necessarily follow in the event of any sentence to confinement.

The factual situation herein is distinguishable from that which pertained in United States v Jobe, 10 USCMA 276, 27 CMR 350; United States v Horowitz, 10 USCMA 120, 27 CMR 194; and United States v Varnadore, 9 USCMA 471, 26 CMR 251, all of which are relied upon by the appellant in his first assignment of error. In the cited cases the law officer specifically instructed as to the type of sentence that could or could not be adjudged.

In the case at hand, he merely agreed "as a general proposition" with the president as to the latter's impression concerning a sentence to hard labor without confinement as "in terms of a short period." But he very emphatically pointed out that the court was not in any way restricted in this regard: "You can select any punishment you want." When pressed for a definition of a relatively short period, he stated, "I would rather not get into that. . . . It is entirely up to the court. You know the maximum and anything between the maximum is up to you to decide." The law officer had previously advised the court members of their absolute discretion in this area and further admonished them that his "instructions must not be interpreted as indicating an opinion as to the kind or amount of punishment which should be adjudged for you alone have the independent responsibility of making this determination."

In the absence of anything more than a bare "impression" and, in the face of frequent instructions that the court-martial was supreme in its power to sentence, within the limits prescribed, no fair risk of prejudice is found. See United States v Smith, 10 USCMA 153, 27 CMR 227. See also United States v Mamaluy, 10 USCMA 102, 27 CMR 176; United States v Genella, 10 USCMA 168, 27 CMR 242; United States v Genuario, 10 USCMA 260, 27 CMR 334.

The second error alleged by the accused relates directly to the issue of adjudging a sentence of confinement with or without hard labor. As must be conceded and, as was noted above, the law officer very properly informed the court that the sentence was within its discretion. It is with the "impression" allegedly left by the law officer following the above-quoted colloquy that the appellant finds fault.

The provisions of Article 58(b) of the Uniform Code of Military Justice, 10 USC § 858,[1] and of paragraph 126*j* of the Manual for Courts-Martial, United States, 1951,[2] were thoroughly discussed by this Court in United States v Dunn, 9 USCMA 388, 26 CMR 168. Therein we found no conflict between the Code and the Manual and stated:

". . . Congress plainly contemplated that confinement, with or without hard labor, would be among the punishments adjudged by a court-martial. . . .

. . . . .

". . . [T]he Manual provision seems only to be a discussion of the effect of Article 58(b) which establishes a similarity between the military practice and the practice in the Federal criminal courts. . . . In our opinion, the Manual merely construes Article 58(b). It reiterates the grant of power to executing authorities to require 'hard labor' of a person sentenced to confinement. . . . [T]he court-martial does not normally fix the conditions of confinement. United States v Stiles, 9 USCMA 384, 26 CMR 164. That subject is generally left to the executing authorities." [9 USCMA at pages 389–90.]

The law officer, apparently fully aware of the position taken by this Court in *Dunn* and *Stiles,* supra, and cognizant of the provisions of Article 58, supra, stated, in discussing confinement without hard labor or hard labor without confinement: ". . . [H]ard labor is a part of confinement. Whether you use the words 'hard labor' in adjudging confinement or not, the normal type of work which is required in confinement facilities may be applied." He explained that, under Article 58, omission of the words "hard labor" from a sentence to confinement would not preclude the authority executing such sentence from requiring hard labor to be performed. His subsequent statement, quoted earlier herein, that "I have read the provisions of Article 58 and it is really immaterial whether you include hard labor or not" must be viewed in conjunction with this explanation and not in a vacuum. In any event, the law officer clearly stated, "Each part of the sentence is separate and does not, by implication or otherwise, include any other part of the sentence." By no stretch of the imagination can the law officer's instructions in this area be construed as advice that a sentence to confinement without hard labor, after approval by the convening authority, automatically results, by operation of law, in a sentence to confinement with hard labor. Such contention by the appellant must fail.

Considering the instructions as a whole we find here, as in the first error alleged, no fair risk that the court-martial was misled to accused's prejudice.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.

---

[1] "The omission of the words 'hard labor' from any sentence of a court-martial adjudging confinement does not deprive the authority executing that sentence of the power to require hard labor as a part of the punishment."

[2] It adds to the language of Article 58(b) the admonition that confinement without hard labor will not be adjudged.