UNITED STATES, Appellee

v

KENNETH R. WILLIAMS, Private E–2, U. S. Army, Appellant

8 USCMA 325; 24 CMR 135

No. 9646

Decided October 25, 1957

*First Lieutenant Jerome H. Gerber* argued the cause for Appellant, Accused. With him on the brief were *Colonel James M. Scott* and *First Lieutenant Bert M. Gross*.

*First Lieutenant Chester F. Relyea* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton, First Lieutenant Arnold I. Burns* and *First Lieutenant William K. Davenport*.

## Opinion of the Court

HOMER FERGUSON, Judge:

The sole issue for review in this case is whether the law officer erred in failing to instruct the court-martial on all elements of the offense of wrongful use of a habit-forming narcotic drug. For the reasons hereafter stated, we conclude the law officer did err and that reversal is required.

The accused was convicted of several offenses, the most serious of which alleged that he wrongfully used a habit-forming narcotic drug, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. It is unnecessary in reaching our decision to relate the facts developed at trial. Following closing argument by counsel, the law officer called an out-of-court hearing for the purpose of advising counsel on the subject of proposed instructions. The law officer advised that concerning the offense of wrongful use of narcotics he intended to "instruct substantially as appears on page 94 of the Law Officer's Manual."[1] Neither counsel objected to this proposed instruction. When the court reconvened, the law officer instructed that to find the accused guilty the court must be satisfied by legal and competent evidence beyond a reasonable doubt:

"That, at the time and place alleged, the accused wrongfully and knowingly used a habit-forming narcotic drug, as alleged.

"The court is advised in this connection that the use of a habit-forming narcotic drug is presumed to be wrongful unless the contrary appears. The term 'narcotic drug' means opium, or any salt, derivative, or preparation of opium. Now, as to the knowingly using a narcotic drug, a person's using a drug is innocent, for example, when the drug has been duly prescribed for him by a physician and the prescription has not been falsely procured, or when the use of a drug is in the performance of his duty, or when, due to honest ignorance or mistake, his use was without knowledge of the presence or character of the thing used. The burden is on the prosecution to establish the accused's guilt by legal and competent evidence beyond a reasonable doubt. Consequently, unless you are satisfied beyond a reasonable doubt that the accused was not honestly in ignorance of the fact that a narcotic drug was entering his system, you must acquit the accused. Honest ignorance as to this fact, no matter how unreasonable, will exonerate the accused with respect to the offense of the charge. In determining the issue of the honesty of the accused's alleged ignorance, you should weigh and consider the probability or improbability of the evidence relating thereto."

At no time was the court-martial instructed that it must find, in order to convict, that the accused's conduct was prejudicial to good order and discipline in the armed forces, or was of a nature to bring discredit on the armed forces.

Before the board of review the Government took the position that the prejudicial character and service-discrediting nature of the offense charged was not an element and hence there was no need for the law officer to so instruct. In this Court the Government slightly altered its position and contended that wrongful use of narcotics is "as a matter of law" conduct listed under the offense of wrongful use of narcotics.

"(1) That, at the time and place alleged, the accused wrongfully used (a habit forming narcotic drug, as alleged) (marihuana) ; and

"(2) That, under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces." [Emphasis supplied.]

---

[1] The "Manual" referred to is the "Military Justice Handbook, The Law Officer, No. 27–9, August 1954" which is a Department of the Army pamphlet designed as a "practical and useful guide for the law officer of a general court-martial." It is not considered as a "substitute for the Manual for Courts-Martial, 1951," nor is it "cited as legal authority." (Chapter 1, paragraph 1, page 4.) On page 94 of the handbook, the following stock instructions are

326

prejudicial to good order and discipline, and, accordingly, the court-martial need not be instructed that it must so find in order to convict. We are unimpressed with both arguments.

In United States v Marker, 1 USCMA 393, 3 CMR 127, the Court held the words "conduct of a nature to bring discredit upon the military service" need not be alleged in a specification laid under the general Article. Such language was considered "nothing more than traditionally permissible surplusage" in specifications drafted under the general Article. This is not, however, the same as saying that it does not constitute an essential element of the offense for purposes of instructing the court-martial of what it must find in order to return a verdict. In United States v Grosso, 7 USCMA 566, 23 CMR 30, the Chief Judge made it clear that specifications and instructions do not serve one and the same purpose. The former seeks to advise the accused of the offense of which he is to be tried in order that he might prepare his defense and to insure that he will not again be placed in jeopardy for the same offense. Instructions on the other hand serve as a framework for the court members' deliberations upon the guilt or innocence of the accused.

We are not unmindful of the disastrous effects occasioned by the wrongful use of narcotics on the health, morale and fitness for duty of persons in the armed forces. However, we cannot ignore the Congressional intent manifested in the Code, supra, and the Manual for Courts-Martial, United States, 1951, that all elements of an offense be instructed upon by the law officer. Article 51(c), Uniform Code of Military Justice, 10 USC § 851(c); paragraph 73, Manual, supra. United States v Lucas, 1 USCMA 19, 1 CMR 19; United States v Clay, 1 USCMA 74, 1 CMR 74. It is an element of the offense and must be instructed upon. The Government's contention that wrongful use of narcotics is prejudicial conduct as a matter of law would be equally applicable to practically every offense charged under the general Article. Accordingly, we hold that the law officer erred in failing to instruct the court that in order to find the accused guilty of the offense charged, it must find that under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Army for reference to a board of review. The board may, in its discretion, dismiss the charge of wrongful use of narcotics and reassess the sentence on the basis of the remaining approved findings of guilt, or it may order a rehearing on the narcotics charge.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

The Manual for Courts-Martial, United States, 1951, paragraph 213a, page 382, states that "It is a violation of this article [Article 134, Uniform Code of Military Justice, 10 USC § 934] *wrongfully to possess marihuana or a habit forming narcotic drug.*"

Thus, the crime of wrongful use of a narcotic must fall into the category which I described in my dissent in United States v Grosso, 7 USCMA 566, 23 CMR 30:

"... In connection with the enumerated offenses, it would be an act of sheer futility to require a court-martial to find what is obvious to everyone, namely, that the commission of such offenses has an adverse impact on the military service."

For the reason expressed above, I would affirm the decision of the board of review.