UNITED STATES, Appellee

v

RUPERT L. GITTENS, Airman Second Class,
U. S. Air Force, Appellant

8 USCMA 673, 25 CMR 177

No. 10,881

Decided February 7, 1958

*Lieutenant Colonel Ellis L. Gottlieb* and *Lieutenant Colonel Robert O. Rollman* were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels* and *Major Fred C. Vowell* were on the brief for Appellee, United States.

Opinion of the Court

HOMER FERGUSON, Judge:

An Air Force special court-martial convened at Rhein Main Air Base, Germany, convicted the accused · of one specification alleging assault and battery and two specifications of assault upon an air policeman in the execution of his duties, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 USC §§ 928 and 934, respectively.

In instructing the court-martial on the elements of the latter offenses, the president failed to advise that in order to find the accused guilty, the court must find that under the circumstances the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. In United States v Williams, 8 USCMA 325, 24 CMR 135, we held that failure to give such an instruction where an accused was charged with wrongful use of narcotics, in violation of Article 134, constituted reversible error. See also United States v Grosso, 7 USCMA 566, 23 CMR 30. Although we recognize the serious nature of the offenses charged, we cannot ignore—as we said in Williams, supra—

". . . the Congressional intent manifested in the Code, supra, and the Manual for Courts-Martial, United States, 1951, that all elements of an offense be instructed upon by the law officer. Article 51(c), Uniform Code of Military Justice, 10 USC § 851 (c); paragraph 73, Manual, supra. United States v Lucas, 1 USCMA 19, 1 CMR 19; United States v Clay, 1 USCMA 74, 1 CMR 74."

The instructional deficiency complained of in the case. at bar · extends

to both specifications of assault upon an air policeman in the execution of his duties and necessitates reversal of those convictions. The decision of the board of review is reversed and the record returned to The Judge Advocate General of the Air Force for resubmission to a board of review. The board, in its discretion, may reassess the sentence on the basis of the remaining approved finding of guilt or order a rehearing on the two specifications alleging the violation of Article 134, supra.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

The principal opinion graphically demonstrates that absurd results are obtained when the Court adheres to a rule which is unsupported by reason or logic. My dissenting opinions in United States v Williams, 8 USCMA 325, 24 CMR 135, and United States v Grosso, 7 USCMA 566, 23 CMR 30, called attention to the sheer futility of requiring a court-martial to find that the commission of certain crimes had an adverse impact on the Services. Here we have a more useless application—if that is possible—of the requirement.

The accused was the protagonist in a brawl in a night club in Germany. As a result of the affray, he assaulted at least three individuals. As two of the victims were air police, he was charged with two violations of Article 134 and one violation of Article 128 of the Uniform Code of Military Justice, 10 USC §§ 934 and 928. The former, assaults upon persons executing police duties, are the greater offenses carrying a penalty of a dishonorable discharge and one year confinement, compared to the six months punishment with no punitive discharge imposable for a simple assault consummated by a battery. Table of Maximum Punishments, Manual for Courts-Martial, United States, 1951, page 224.

It seems to me that when Congress proscribed an assault consummated by a battery, it concluded that offenses of that type were inimical to good order and discipline of any service. I, therefore, have no difficulty in concluding that the offense in an aggravated form has a greater impact than one of the simple variety. But strangely enough, this decision affirms a conviction on a simple assault specification where, of course, the court members were not informed that the conduct had to be prejudicial to the good order and discipline of the armed services, but reverses the findings on the aggravated form for a failure on the part of the president of the court to require a finding on that ingredient. Those alleged omissions should be immaterial in this setting as the law is clear that the only distinction between the offenses is the status of the victim.

As Article 59, Uniform Code of Military Justice, 10 USC § 859, allows reversal only when the accused is materially prejudiced, I must assume that my associates believe that reasonable minds could find that a battery upon two air policemen is not conduct prejudicial to the good order and discipline of the armed forces. Even the entertainment of this concept is not justifiable in reason or common sense. Moreover, their disposition overlooks the obvious, for this Court or a board of review could affirm the lesser included offenses of assault and battery. If that disposition was authorized, I fail to see how, or in what way, this accused would be benefited one iota by a reversal.

Therefore, I would affirm the decision of the board of review.