UNITED STATES, Appellee

v

DONALD L. GRIMES, Basic Airman, U. S. Air Force, Appellant

9 USCMA 272, 26 CMR 52

No. 10,725

Decided May 23, 1958

Major George M. Wilson argued the cause for Appellant, Accused. With him on the brief was Lieutenant Colonel Ellis L. Gottlieb.

Captain John W. Fahrney argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel Robert W. Michels.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Charged with assault with intent to commit rape upon a 71-year-old woman, the accused pleaded guilty to assault and battery but was convicted of indecent assault, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. The question before us is whether he was prejudiced by the failure of the law officer to instruct the court-martial that one of the elements of indecent assault is that, under the circumstances, the act alleged is "of a nature to bring discredit" upon the armed forces. See United States v Williams, 8 USCMA 325, 24 CMR 135.

At trial, the accused testified in his own behalf. He admitted that he "placed" his arm around the victim, "laid her on the ground," "pulled" her dress up and "pulled" her undergarment down. He maintained however, and the victim admitted, that he had earlier "proposition[ed]" her and had given her six marks which she accepted. As a result, he believed the woman was willing to engage in intercourse with him. But, when he pulled on her underclothing she "screamed." He got "ner-

vous," struck her in the eye with his fist, and hurried from the area.

Before the final arguments by counsel, the law officer held an out-of-court conference to go over his proposed instructions. They were "submitted and accepted by counsel." After the arguments, the law officer instructed the court-martial on the elements of the offense charged and those of the lesser offenses of indecent assault and assault and battery. In instructing on indecent assault he did not specifically advise the court members that they must find the act was of a nature to bring discredit upon the Air Force. See United States v Williams, supra. He did, however, instruct that an "indecent" act is one which is "offensive to common propriety, . . . grossly vulgar, or obscene." Asked if he had any objection to the instructions given or any requests for additional instruction, defense counsel replied in the negative.

The accused's plea of guilty to assault and battery and his sworn testimony reduced the issues in the case to one, namely, his intent. This issue was fully covered in the instructions. And, it was partially decided in the accused's favor by the court-martial when it found him guilty of possessing an intent in connection with the assault which is lesser than that charged. These circumstances and counsel's affirmative acceptance of the instructions lead to the conclusion that the instructions did not prejudice the accused. See United States v Jones, 1 USCMA 276, 3 CMR 10.

The decision of the board of review is affirmed.

LATIMER, Judge (concurring in the result):

I concur in the result.

In my dissenting opinion in United States v Grosso, 7 USCMA 566, 23 CMR 30, I made the following comment:

" . . . There is, however, a wide range of offenses which may be prosecuted under the general Article, and when we reach the more serious ones, they, by their very nature, affect adversely the tranquility, security, discipline, and good government of the military service. In the event a serviceman takes indecent liberties with a child of tender years, no reasonable person need be told that that offense has an adverse impact on the military service. Every right-thinking person would concede that crimes such as those bring the service into disrepute."

In this case, the offense was assault with intent to commit rape upon a seventy-one-year-old woman. That is an offense which of necessity tends to bring discredit upon the armed services. I, therefore, join with the Chief Judge in holding the instructions not prejudicially insufficient.

FERGUSON, Judge (dissenting):

Hard facts oftentimes make bad law. The facts in this case admittedly are hard. The law announced in the principal opinion is assuredly bad. In United States v Williams, 8 USCMA 325, 24 CMR 135, we held that it constituted prejudicial error for a law officer to fail to instruct where an accused is charged with an Article 134 offense (Uniform Code of Military Justice, 10 USC § 934), that in order to find him guilty, the court-martial must find that the conduct involved was prejudicial to good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. Accord, United States v Lawrence, 8 USCMA 732, 25 CMR 236; United States v Gittens, 8 USCMA 673, 25 CMR 177. The Williams case was decided October 25, 1957. The case at bar was tried on May 28, 1957. It is somewhat paradoxical to say that defense counsel waived an instructional deficiency by failing to object when the very point was not decided by this Court until some five months later. Perhaps in another case with less revolting facts, this Court will return to the rule laid down in Williams.