UNITED STATES, Appellee

v

FRANKLIN D. DARBY, Airman Third Class, U. S. Air Force, Appellant

9 USCMA 416, 26 CMR 196

No. 11,177

Decided June 27, 1958

*Lieutenant Colonel Ellis L. Gottlieb* and *Lieutenant Colonel Robert O. Rollman* were on the brief for Appellant, Accused.

*Major Fred C. Vowell* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

### Opinion of the Court

HOMER FERGUSON, Judge:

Accused was found guilty by a special court-martial of disrespectful language toward a superior noncommissioned officer, in violation of Article 91, Uniform Code of Military Justice, 10 USC § 891, of escape from lawful custody, in violation of Article 95, Uniform Code of Military Justice, 10 USC § 895, and of assault on an air policeman in the execution of his duties, in violation of Article 134, Uniform Code, supra, 10 USC § 934.

The president of the court-martial, in instructing upon the third charge, failed to advise that in order to find the accused guilty, the court must find that under the circumstances the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces.

We granted to determine whether the president's failure to instruct a special court-martial in this regard constituted prejudicial error.

In United States v Gittens, 8 USCMA 673, 25 CMR 177, we held that where the accused was charged with assault upon an air policeman in violation of the Uniform Code of Military Justice, Article 134, supra, it was prejudicial error for the president of the special court-martial to fail to advise that in order to find the accused guilty, the court must find that under the circumstances the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of

416

a nature to bring discredit upon the armed forces.

The president of the court should have so instructed in this instance. Therefore, we must reverse on this specification.

The findings of guilty of Charge III and the sentence are set aside. The record of trial is returned to The Judge Advocate General of the Air Force for resubmission to the board of review. The board of review may reassess the sentence upon the basis of the remaining findings of guilty, or order a rehearing.

Chief Judge QUINN concurs.

LATIMER, Judge (dissenting):

I dissent.

The reasons for my present dissent may be gleaned from my dissenting opinion in United States v Gittens, 8 USCMA 673, 25 CMR 177, as it is buttressed by the opinion of the Court in United States v Grimes, 9 USCMA 272, 26 CMR 52.