UNITED STATES, Appellee,

v.

Private (E-1) Darrell K. WILLIAMS, SSN 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, United States Army, Appellant.

CM 432357.

U. S. Army Court of Military Review.

16 Sept. 1977.

Captain Michael P. LaHaye, JAGC, argued the cause for appellant. With him on the brief were Colonel Alton H. Harvey, JAGC, Major Joe D. Miller, JAGC, and Captain Lawrence E. Wzorek, JAGC.

Captain Richard A. Kirby, JAGC, argued the cause for appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Major John T. Sherwood, Jr., JAGC, and Captain Richard S. Kleager, JAGC.

Before JONES, FULTON and FELDER, Appellate Military Judges.

## OPINION OF THE COURT

FELDER, Judge:

This Court has held this case in abeyance pending disposition by the United States Court of Military Appeals of the issue of whether the maximum confinement for heroin offenses is ten years under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934, or two years under Article 92, UCMJ, 10 U.S.C. § 892. That issue was decided in *United States v. Courtney,* 1 M.J. 438 (1976), and *United States v. Jackson,* 3 M.J. 101 (C.M.A.1977). The equal protection standard established in *Courtney* and made prospective by *Jackson* applies only to cases prosecuted after 2 July 1976. Since this case was tried prior to that date, punishing the appellant for the distribution of heroin under Article 134, UCMJ, was permissible. We may now proceed with the review of this case.

The appellant was charged with distributing heroin to Private Krauss at Ford Ord, California, in violation of 21 U.S.C. § 841. Before this Court he asserts, among other errors, that the trial judge erred to his prejudice in his instructions to the court members. A summary of the pertinent facts of record is necessary for the resolution of this issue.

At the reception station at Fort Ord, California, the appellant purchased marihuana on one occasion for three trainees. Privates Krauss and Bailey were among them. The appellant was also a trainee, who once lived in nearby Seaside, California. In basic training during the week that followed, it was rumored that the appellant had been soliciting the sale of drugs. Krauss and Bailey agreed to participate in a controlled purchase of drugs devised by their company commander in an effort to apprehend the appellant, who was assigned to another company.

The appellant testified at trial that he was reluctant to cooperate with Krauss and Bailey when they requested him to procure heroin for them. Nevertheless, after Krauss and Bailey obtained special permission from the appellant's first sergeant for him to leave the installation, they proceeded in a taxi summoned by the company commander to a private residence in Seaside, California. The appellant admitted that he went to the residence to purchase heroin, with money supplied by Krauss and Bailey, but no one was home. He also testified that he then returned the money to Krauss and Bailey, who had remained in the taxi.

They next went to an establishment known as the "Pit" in search of heroin. According to Krauss, the appellant purchased heroin and gave some of it to him after their return to the barracks at Fort Ord. Conversely, the appellant testified that Krauss and Bailey remained in the taxi near the "Pit" when he left to find a supplier; that he did not have the money and that upon his return, Krauss and Bailey told him that they had purchased the heroin from someone.

The trial judge properly instructed the court on the statutory definition of distribution of drugs, which includes the delivery and the attempt to transfer drugs. 21 U.S.C. § 802(8) and (11). They were charged to consider whether the behavior of the appellant, who admitted searching for heroin in Seaside, California, amounted to an attempt to transfer heroin to Krauss. The judge also instructed the court that entrapment was an issue as to the attempted transfer. He further explained to the court that if the prosecution's theory of the case is believed, to wit: that the appellant distributed heroin to Krauss after they returned to Fort Ord, the defense of entrap-

ment was not available to him because he denied distributing heroin to Krauss.[1]

Thus, the court had two options upon which to predicate findings of guilty: first, it could have found the appellant guilty of attempting to transfer heroin to Krauss in Seaside; or second, it could have found the appellant guilty of distributing heroin to Krauss in the barracks at Fort Ord. Basically, the court was permitted to convict the appellant from alternative offenses and to select facts from alternative courses of conduct to support a conviction.[2]

█ We now address the instruction on attempt to transfer heroin, which was given over objection by the trial defense counsel. The judge instructed the court that it could find that the appellant by searching for heroin in Seaside attempted to transfer heroin to Krauss. We agree with the appellant that his conduct in Seaside did not go beyond mere preparation and the court should not have been permitted to speculate as to whether it amounted to an attempt.

In order for the appellant to have consummated the offense, it would have been necessary for him to contact a supplier with heroin, negotiate a sale with the supplier and deliver or attempt to deliver the heroin to Krauss. As we inferred in *United States v. Quick*, 50 C.M.R. 112 (A.C.M.R.1975), one cannot personally attempt to transfer drugs that he does not possess. Even as illustrated in the Manual for Courts-Martial, United States, 1969 (Revised edition), at paragraph 159, the purchase of matches with the intent to burn a haystack is not an attempt to commit arson.

█ While we recognize that the trial judge determines the charge that should be given to the court (*United States v. Thompson*, 3 M.J. 168, 171 (C.M.A.1977); *United States v. Nickoson*, 15 U.S.C.M.A. 340, 343, 35 C.M.R. 312, 315 (1965)), and the duty to instruct as to the elements of the offense rests squarely on his shoulders pursuant to Article 51(c), UCMJ, 10 U.S.C. § 851(c), in this case it was error for him to advise the court that it could convict the appellant as charged because of his efforts in Seaside. Although his behavior there raised the question of attempting to purchase heroin, it was too remote to surface the factual issue of whether he attempted to transfer heroin. To affirm the conviction, as an appellate tribunal we must speculate as to the bases upon which the findings of guilty were reached and as to the acts of criminality the court chose to support the findings. This is impermissible and we declined to do so. *United States v. Clark*, 475 F.2d 240, 249 (2nd Cir. 1973). Where, as here, the judge's instruction is correct in part and erroneous in part, its propriety cannot be measured and doubtful instructions must be resolved in favor of the appellant. *United States v. Pennington*, 21 U.S.C.M.A. 461, 465, 45 C.M.R. 235, 239 (1972); *Smith v. United States*, 230 F.2d 935, 939 (6th Cir. 1956). This rule is subject to an exception when the verdict gives assurance that no prejudice in fact occurred. *United States v.*

---

1. The judge obviously buttressed his reasoning on the principle in *United States v. McGlenn*, 8 U.S.C.M.A. 286, 292, 24 C.M.R. 96, 102 (1957), which is that one who denies the commission of an offense can not avail himself of the defense of entrapment. That principle stood unassailed until the United States Court of Military Appeals suggested otherwise in *United States v. Garcia*, 23 U.S.C.M.A. 403, 50 C.M.R. 285, 1 M.J. 26 (1975), which was decided after the instant case was litigated. The Court was confronted in *Garcia* with the issue of whether entrapment and alibi were antithetical defenses and, therefore, mutually exclusive. It stated that the two defenses may be alternative ones when disbelief of one does not necessarily disprove the other.

2. A person may be convicted of an attempt to commit an offense when it is factually included within the charged offense. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 158. However, in this case the judge gave the following instruction to the court:

Now you are advised there are no lesser included offenses in issue in this case and if I may amplify on that a moment, I did advise you that in regard to the definition of the various legal terms involved, that the term "deliver" means the actual or attempted transfer of a controlled substance and the term "distribute" means to deliver a controlled substance. Therefore, the offense of an attempted distribution is not in issue here and therefore, no lesser included offenses.

*Reid,* 517 F.2d 953, 965 (2d Cir. 1975), *United States v. Jacobs,* 475 F.2d 270, 283–84 (2d Cir. 1973), *cert. den. sub nom., Lavelle v. United States,* 414 U.S. 821, 94 S.Ct. 116, 38 L.Ed.2d 53 (1973). We find no such assurance in this case because it is impossible to ascertain from the record which principle the triers of fact elected to follow in reaching the findings of guilty. It is not enough for the Government to shoulder its burden of proof beyond a reasonable doubt of each element of the offense, that burden has to be met on the basis of proper instructions. *United States v. Clark, supra* at 249.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge JONES concurs.

Judge FULTON not participating.