**UNITED STATES, Appellee,**

v.

**Specialist Four Alphonso F. JACKSON, SSN 041–58–3902, United States Army, Appellant.**

**SPCM 13184.**

U. S. Army Court of Military Review.

20 June 1978.

---

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Demmon F. Canner, JAGC, and Captain Maurice D. Healy, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Laurence M. Huffman, JAGC, and Captain David P. Saxon, JAGC, were on the pleadings for appellee.

7.   *See United States v. Pryor,* 3 M.J. 737 (N.C. M.R.1977).

Before CLAUSEN, CARNE and COOK, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION

COOK, Judge:

The appellant was convicted by a court, sitting with members, of an attempt to wrongfully sell marihuana. This delict was alleged as a violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880. The evidence presented to support the charge consisted of testimony that the appellant approached one soldier and asked him if he wanted to buy a "bag." On inquiry, the appellant stated he was referring to "Mexican" and that the price was twenty dollars. When his offer was rejected, appellant approached a nearby group of soldiers where he was heard by two of them to ask if anyone wanted to buy a "reefer." Again, he met with declinations and departed. The auditors of appellant's remarks testified that they understood the argot used by appellant to be references to marihuana. Appellant did not produce for viewing, or otherwise indicate, nor is there any evidence in the record of trial, that he was in possession of, any marihuana.

Article 80, UCMJ, defines a criminal attempt in the following language:

An act, done with a specific intent to commit an offense under this chapter, amounting to more than mere preparation and tending, even though failing, to effect its commission, is an attempt to commit that offense.

That portion of the definition which refers to "mere preparation" is the crux of our problem in this case.

An oft-quoted [1] passage from a decision by Justice Holmes serves to frame our quandry. In *Commonwealth v. Peaslee,* 177 Mass. 267, 272, 59 N.E. 55, 56 (1901), he wrote:

That an overt act, although coupled with an intent to commit the crime, commonly is not punishable if further acts are contemplated as needful, is expressed in the familiar rule that preparation is not an attempt. But some preparations may amount to an attempt. It is a question of degree. If the preparation comes very near to the accomplishment of the act, the intent to complete it renders the crime so probable that the act will be a misdemeanor, although there is still a locus poenitentiae,[2] in the need of further exertion of the will to complete the crime. As we observed in a recent case, the degree of proximity held sufficient may vary with circumstances, including, among other things, the apprehension which the particular crime is calculated to excite.

Obviously, it is a "complex question when conduct crosses the line between 'mere preparation' and 'attempt'." *United States v. Heng Awkak Roman,* 356 F.Supp. 434 (S.D.N.Y.), *aff'd* 484 F.2d 1271 (2d Cir. 1973).[3] As the United States Court of Military Appeals has stated, "The line of demarcation between preparation and a direct movement toward the offense is not always clear." *United States v. Choat,* 7 U.S.C.M.A. 187, 191, 21 C.M.R. 313, 317 (1956). And, in *United States v. Johnson,* 7 U.S.C.M.A. 488, 495, 22 C.M.R. 278, 284 (1957), the United States Court of Military Appeals acknowledged that, "Reasonable persons, however, may differ over the 'proximity and nearness of the approach' of the overt acts to a consummated offense."

1. *United States v. Mandujano,* 499 F.2d 370, 375 (5th Cir. 1974), *cert. denied* 419 U.S. 1114, 95 S.Ct. 792, 42 L.Ed.2d 812 (1975); *United States v. Coplon,* 185 F.2d 629, 633 (2d Cir. 1950), *cert. denied* 342 U.S. 920, 72 S.Ct. 362, 96 L.Ed. 688 (1952); *United States v. Emerson,* 16 C.M.R. 690, 698 (A.F.B.R.1954); also cited to in *Lemke v. United States,* 211 F.2d 73 n.4, (9th Cir.), *cert. denied* 347 U.S. 1013, 74 S.Ct. 866, 98 L.Ed. 1136 (1954).

2. An opportunity for changing one's mind. Black's Law Dictionary 1090 (4th ed. 1951).

3. For an enumeration of six separate tests that have been devised to aid in determining when preparation has been converted to an attempt, see footnote 5, *United States v. Mandujano, supra.*

Recognizing that we are working in an enigmatic area of the law with equivocal facts, we resort to our earlier cases for guidance. A recent case involving this issue is *United States v. Williams,* 4 M.J. 507 (A.C.M.R.1977), in which this Court held that the following facts did not go beyond mere preparation and therefore did not constitute an attempt to sell heroin:

In basic training during the week that followed, it was rumored that the appellant had been soliciting the sale of drugs. Krauss and Bailey agreed to participate in a controlled purchase of drugs devised by their company commander in an effort to apprehend the appellant, who was assigned to another company.

The appellant testified at trial that he was reluctant to cooperate with Krauss and Bailey when they requested him to procure heroin for them. Nevertheless, after Krauss and Bailey obtained special permission from the appellant's first sergeant for him to leave the installation, they proceeded in a taxi summoned by the company commander to a private residence in Seaside, California. The appellant admitted that he went to the residence to purchase heroin, with money supplied by Krauss and Bailey, but no one was home. He also testified that he then returned the money to Krauss and Bailey, who had remained in the taxi. 4 M.J. at 508.

In yet another recent unanimous opinion of this Court, these facts were found to constitute "no more than mere preparation":

The factual basis developed during the providency inquiry, however, does not support a finding of even an attempted transfer or delivery of the marihuana. The facts brought out during the inquiry showed only a minimum amount of preliminary activities leading to a contemplated sale. The potential buyer, a friend of the appellant, came to the appellant's room and offered to buy an ounce of marihuana. The appellant showed his friend a box containing over 300 grams of marihuana. The latter examined the marihuana in the box and returned the box to the appellant. The friend then departed to obtain some money from another source, so that he could return and buy the marihuana. Before the potential buyer could return, the appellant's commanding officer entered the room and confiscated the contraband.

*United States v. Quick,* 50 C.M.R. 112, 113 (A.C.M.R.1975). *Compare United States v. Buchanan,* 49 C.M.R. 620 (A.C.M.R.1974), by the same author judge.

Using the template provided by these cases, we find that the proximity of appellant's conduct to the consummation of the "attempted" offense was at least as, if not more, remote [4] than that of *Williams* or *Quick.*

Applying that analogy, and the spirit of the following rules, we hold that appellant's conduct constituted "mere preparation" and did not reach the magnitude required to constitute a criminal attempt.

So long as the acts are confined to preparation only, and can be abandoned before any transgression of the law or of others' rights, they are within the sphere of intent, and do not amount to attempts. *Commonwealth v. Ellis,* 349 Pa. 402, 37 A.2d 504, 505–06 (1944).

Preparation is the devising or arranging [of] the means or measures necessary for the commission of the offense. The attempt is the direct movement toward the commission after the preparations are made . . . *People v. VonHecht,* 133 Cal.App.2d 25, 283 P.2d 764, 773 (Cal.Dist. Ct.App.1955).

However, our conclusion that appellant's conduct did not constitute an attempt in violation of Article 80, UCMJ, does not terminate our decision. As we view the evi-

---

4. We note with especial interest the fact that there is no evidence of record that appellant had any immediate access to a cache or supply of marihuana. We are not, however, implying, as did the opinion in *United States v. Williams,* *supra* at 509, that "one cannot personally attempt to transfer drugs that he does not possess." *Contra, United States v. Mandujano, supra.*

dence, we find that it clearly sustains a finding that the appellant's conduct amounted to the separate offense [5] of criminal solicitation, violative of Article 134, UCMJ.[6]

As the sentence for both the alleged offense and solicitation to possess is identical,[7] our reassessment will deal with the same maximum quantity.

On 25 May 1978, we issued an opinion exactly as worded herein. On 31 May 1978, appellant filed a motion for reconsideration of that opinion, which was granted on 9 June 1978. We granted that motion to determine the applicability to this case of the line of cases which preclude a finding of guilty of possession as a lesser included offense of sale of drugs. *E. g., United States v. Maginley,* 13 U.S.C.M.A. 445, 32 C.M.R. 445 (1963). In this case, however, we are not reducing the appellant's acts from attempted sale to possession by the appellant. Rather, we are holding that the same affirmative acts which were the subject of the charged attempted sale support the separate substantive offense of solicitation *of another* to possess the drugs offered for sale by appellant, which is different from an attempt *by the accused* to commit that same illegal act (*i. e.* possession). *See United States v. Oakley, supra* 7 U.S.C.M.A. 735, 23 C.M.R. 199 (1957). Consequently, although we have withdrawn the earlier opinion of this Court, we hereby reaffirm the holding reached therein.

Only so much of the findings of guilty of the Charge and its specification as finds that the appellant did, on or about 1500 hours, 30 July 1977, at Fort Sill, Oklahoma, wrongfully solicit Private Ronald Kruse, Private Bryan Claussen and Private Jerry Smith to wrongfully possess marihuana by saying to them "Does anybody want to buy a bag?" or "Does anybody want to buy some reefer?" in violation of Article 134, Uniform Code of Military Justice, is affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms the sentence.

Chief Judge CLAUSEN and Senior Judge CARNE concur.

**UNITED STATES, Appellee,**

---

5.  *United States v. Oakley,* 7 U.S.C.M.A. 733, 23 C.M.R. 197 (1957); *United States v. Isbell,* 1 U.S.C.M.A. 131, 2 C.M.R. 37 (1952).

6.  In connection with his instructions on the attempt offense, the trial judge enumerated the elements of the crime attempted *i. e.,* sale of marihuana. This enumeration included the required "to the prejudice of good order and discipline . . ." etc. portion of Article 134, UCMJ. *United States v. Gittens,* 8 U.S.C.M.A. 673, 25 C.M.R. 177 (1958); *United States v. Williams,* 8 U.S.C.M.A. 325, 24 C.M.R. 135

(1957). In our view all the essential elements of solicitation were fully instructed on.

7.  This is true not only because this case was tried before a BCD Special Court-Martial, but would be equally as true had it been tried before a General Court-Martial. Compare footnotes 3 and 7 and possession of drug penalty under Article 134, UCMJ, Table of Maximum Punishments, paragraph 127c, MCM, 1969 (Rev.).