UNITED STATES, Appellee,

v.

Specialist Four Ronnie GOFF, SSN 136–40–6894, United States Army, Appellant.

CM 436226.

U. S. Army Court of Military Review.

18 July 1978.

Captain Wade Curtis, JAGC, argued the cause for appellant. With him on the brief were Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, and Captain Buren R. Shields, III, JAGC.

Captain Stephen P. Henderson, JAGC, argued the cause for appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Richard A. Kirby, JAGC.

Before JONES, MITCHELL and De-FORD, Appellate Military Judges.

## OPINION OF THE COURT

MITCHELL, Judge:

The appellant was charged with disobeying Army Regulation 600–50 by wrongful selling 0.206 grams of heroin in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892. He was convicted by general court-martial (military judge alone), by exceptions and substitutions, of attempted violation of Army Regulation 600–50 by attempting to deliver heroin, in violation of Article 80, UCMJ, 10 U.S.C. § 880. He was sentenced to confinement for three months and reduction to the lowest enlisted grade. The convening authority approved the sentence.

The Judge Advocate General of the Army, pursuant to Article 69, UCMJ, 10 U.S.C. § 869, has referred the record of trial to this Court for review in accordance with Article 66, UCMJ, 10 U.S.C. § 866. We affirm.

Private Martinez, a CID informant, asked the appellant if he could obtain heroin for him. The appellant replied yes, but indicated he would have to go off-post to get it. Martinez gave the appellant a fifty dollar bill as purchase money. The appellant drove to the house of his civilian source in Kileen, Texas, but was informed by her that because of her recent arrest "there ain't nothing happening," an expression the appellant understood to mean that she no longer had drugs for sale. The appellant returned to Fort Hood and gave back the money to Martinez.

Article 80, UCMJ, defines a criminal attempt as follows:

An act, done with a specific attempt to commit an offense under this chapter, amounting to more than mere preparation and tending, even though failing, to effect its commission, is an attempt to commit the offense.

█ It is a well settled rule that mere preparation does not constitute an attempt. However, some preparations may amount to an attempt. It is a question of degree.[1]

1. *Commonwealth v. Peaslee*, 177 Mass. 267, 272, 59 N.E. 55, 56 (1901); *United States v.*

*Mandujano*, 499 F.2d 370, 375 (5th Cir. 1974), *cert. denied* 419 U.S. 1114, 95 S.Ct. 792, 42

"The line of demarcation between preparation and direct movement toward the offense is not always clear." *United States v. Choat*, 7 U.S.C.M.A. 187, 191, 21 C.M.R. 313, 317 (1956).

The case before us is strikingly similar to two other comparatively recent cases involving an alleged attempt to sell heroin:

### THE MANDUJANO CASE

In *United States v. Mandujano*, 499 F.2d 370 (5th Cir. 1974), *cert. denied*, 419 U.S. 1114, 95 S.Ct. 792, 42 L.Ed.2d 812 (1975), the Court examined the ever elusive line separating preparation from attempt. An undercover policeman representing himself as a narcotics trafficker, was introduced by an informant to Mandujano. The policeman told Mandujano he was looking for heroin. Mandujano made four telephone calls in an unsuccessful effort to locate a source in the San Antonio area. Mandujano then told the policeman that he had a good contact who kept narcotics around his home but if Mandujano went to see this man he would need the money "out front" (payment in advance). Mandujano was given $650.00 and he departed. He returned an hour later, explained he had been unable to locate his contact, and refunded the $650.00 to the undercover policeman. The Fifth Circuit Court of Appeals, after a most exhaustive and enlightening discussion of judicial precedent and examination of the Model Penal Code (Proposed Official Draft, 1962), found "fundamental agreement about what will constitute a criminal attempt." *Id.* at 376. First, the defendant must have been acting with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting.[2] Second, the defendant must have engaged in conduct which constitutes a substantial step toward commission of the crime. A substantial step must be conduct which is strongly corroborative of the firmness of the defendant's criminal intent. *Id.* In applying the two-tiered inquiry to the facts before it, the Court found no error in Mandujano's conviction for attempt to distribute heroin.

### THE WILLIAMS CASE

In *United States v. Williams*, 4 M.J. 507 (A.C.M.R.1977), this Court, faced with a near identical factual situation reached an opposite conclusion. Williams admitted that he went to an off-post residence to purchase heroin, with money supplied by fellow-trainees, but found no one at home. He returned the money to his soldier friends who had waited in the taxi. The Court apparently relying upon its conclusion that one cannot personally attempt to transfer drugs which he does not possess found that the accused's actions did not go beyond mere preparation and therefore did not constitute an attempt to sell heroin.

### DISCUSSION AND OUR CONCLUSION

█ In deciding the case before us we find *Mandujano* more persuasive than *Williams*. The *Mandujano* two-tiered inquiry we see as one accurately and decorously derived from the legal writings of many distinguished jurists[3] and the sensible approach of the American Law Institute's Model Penal Code. *See e. g., United States*

---

L.Ed.2d 812 (1975); *United States v. Coplon*, 185 F.2d 629, 633 (2d Cir. 1950), *cert. denied* 342 U.S. 920, 72 S.Ct. 362, 96 L.Ed. 688 (1952); also cited in *Lemke v. United States*, 211 F.2d 73, 14 Alaska 587 (9th Cir. 1954), *cert. denied* 347 U.S. 1013, 74 S.Ct. 866, 98 L.Ed. 1136 (1954).

**2.** *See United States v. Quincy*, 31 U.S. (6 Pet.) 445 at 466, 8 L.Ed. 458 (1832). "The offense consists principally in the intention with which the preparations were made . . . . And this must be a fixed intention . . . . This intention is a question belonging exclusively to the jury to decide. It is the material point on which the legality or criminality of the act must turn."

**3.** *United States v. Quincy*, 31 U.S. (6 Pet.) 445 (1832); *United States v. Coplon*, 185 F.2d 629 (2d Cir. 1950) (L. Hand, J.), *cert. denied* 342 U.S. 920, 72 S.Ct. 362, 96 L.Ed. 688 (1952); *People v. Werblow*, 241 N.Y. 55, 148 N.E. 786 (1925) (Cardozo, J.); *Commonwealth v. Peaslee*, 177 Mass. 267, 59 N.E. 55 (1901) (Holmes, J.).

*v. Jackson,* 560 F.2d 112 (2d Cir. 1977); *United States v. Stallworth,* 543 F.2d 1038 (2d Cir. 1976). We perceive the judicial analysis expounded in *Mandujano* as a concise restatement of the military statutory offense of attempt (Article 80, UCMJ).

█ In the case before us, the appellant's culpable comments and actions clearly evidence willing and knowing participation in a criminal venture. His acts of receiving money from the intended deliveree and driving off-post to his standing drug source constitute, in our opinion, a vital and substantial step in his effort to deliver heroin. The fact that appellant's actions were thwarted by conditions over which he had no control does not change the quality of his wrongful acts. Those overt acts leave no doubt concerning the firmness of appellant's criminal intent to complete the crime. Of course, proof that appellant's civilian source, on the occasion in question, actually had heroin for sale, would have further strengthened the government's case; however, such proof is not essential.

The remaining assignments of error have been considered and are deemed to be without merit.

The findings of guilty and the sentence are affirmed.

Judge DeFORD concurs.

JONES, Senior Judge, concurring:

The exhaustive review of the law of attempts by the Court of Appeals in *United States v. Mandujano,* 499 F.2d 370 (5th Cir. 1974), convinces me that our decision in *United States v. Williams,* 4 M.J. 507 (A.C. M.R.1977), to the effect that "one cannot personally attempt to transfer drugs he does not possess" was in error. I agree with Judge Mitchell that this appellant's conduct could, and in fact did, amount to an attempt.