# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**Misc. Dkt. No. 2016-11**

————————————

**UNITED STATES**
*Appellant*

**v.**

**Joseph A. PUGH**
Major (O-4), U.S. Air Force, *Appellee*

————————————

Appeal by the United States Pursuant to Article 62, UCMJ

Decided 10 March 2017

————————————

*Military Judge:* Natalie D. Richardson (arraignment); Brendon K. Tukey (trial and post-trial Article 39a).

Additional Charge and its Specification dismissed on 17 May 2016. GCM convened at Travis Air Force Base, California.

*For Appellant:* Major Jeremy D. Gehman, USAF (argued); Colonel Katherine E. Oler, USAF; Gerald R. Bruce, Esquire.

*For Appellee:* Captain Annie W. Morgan, USAF (argued); David Sheldon, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges.*

Judge MINK delivered the opinion of the court, in which Chief Judge DREW and Senior Judge J. BROWN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

MINK, Judge:

The United States brings this appeal under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862, asserting that the military judge

abused his discretion by dismissing the Additional Charge and its Specification, when he found that Air Force Instruction (AFI) 90-507, *Military Drug Demand Reduction Program*, which bans the ingestion of hemp seeds, is overly broad, serves no valid military purpose, and did not have a sufficient nexus between military necessity and the duty the AFI sought to impose.[1] We agree that the military judge abused his discretion and grant the Government's appeal.

## I. BACKGROUND

Contrary to his plea at a general court-martial, Appellee was convicted by a panel of officer members of one specification of willful dereliction of duty in violation of Article 92, UCMJ, 10 U.S.C. § 892, by consuming Strong and Kind bars, a product containing hemp seeds, which is prohibited by AFI 90-507.[2]

After the members returned with a guilty verdict on the Article 92 offense, but prior to the presentencing proceedings, trial defense counsel filed a motion to dismiss the Additional Charge and its Specification for failure to state an offense. Trial defense counsel argued that the specification failed to allege an offense, that the specification failed to give fair notice to Appellee, and that the order, which established the duty, was not a lawful order. The military judge withheld his ruling on the motion and allowed presentencing proceedings to continue. Following their deliberations, the members adjudged a sentence of dismissal.

On 16 May 2016, nineteen days after the conclusion of the trial but prior to authentication of the record, the military judge granted the defense motion to

---

[1] Air Force Instruction (AFI) 90-507, *Military Drug Demand Reduction Program*, ¶ 1.1.6 (18 Dec. 2015), states:

> Studies have shown that products made with hemp seed and hemp seed oil may contain varying levels of tetrahydrocannabinol (THC), an active ingredient of marijuana, which is detectable under the Air Force Drug Testing Program. In order to ensure military readiness, the ingestion of products containing or products derived from hemp seed or hemp seed oil is prohibited. **Failure to comply with the mandatory provisions of this paragraph by military personnel is a violation of Article 92, UCMJ. Violations may result in administrative disciplinary action without regard to otherwise applicable criminal or civil sanctions for violations of related laws.**

(Emphasis in original).

[2] The members acquitted Appellee of one specification of wrongful use of marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a.

dismiss the Additional Charge and its Specification. In so doing, he issued a six-page ruling. The military judge concluded that the specification did allege an offense and gave fair notice to Appellee. However, the military judge then held that "there is not a sufficient nexus between military necessity and the duty AFI 90-507 seeks to impose. The regulation is overly broad and serves no valid military purpose." The military judge then dismissed the Additional Charge and its Specification.

The Government filed a motion to reconsider, and the military judge held a post-trial Article 39(a), UCMJ, 10 U.S.C. § 839(a), session on 18 July 2016. The parties provided additional argument and evidence including witness testimony. On 11 August 2016, the military judge issued a four-page ruling, in which he substituted certain findings of fact from his previous ruling, made additional findings of fact, and denied the Government's motion for reconsideration. The Government served timely notice of appeal, and the case was docketed with this court. We heard oral argument on 4 January 2017.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

We have jurisdiction to hear this appeal under Article 62(a)(1)(A), UCMJ, 10 U.S.C. § 862(a)(1)(A), which authorizes the Government to appeal "[a]n order or ruling of the military judge which terminates the proceedings with respect to a charge or specification" in a court-martial where a punitive discharge may be adjudged. In accordance with Article 62(b), UCMJ, we may act only with respect to matters of law.

We review a ruling to dismiss a specification for an abuse of discretion. *United States v. Douglas*, 68 M.J. 349, 354 (C.A.A.F. 2010); *United States v. Gore*, 60 M.J. 178, 187 (C.A.A.F. 2004). We review a ruling on the lawfulness of an order de novo. *United States v. Deisher*, 61 M.J. 313, 317 (C.A.A.F. 2005).

The military judge's findings of fact are reviewed under the clearly erroneous standard, but his conclusions of law are reviewed de novo. *United States v. Keefauver*, 74 M.J. 230, 233 (C.A.A.F. 2015). "[T]he abuse of discretion standard of review recognizes that a judge has a range of choices and will not be reversed so long as the decision remains within that range." *United States v. Gore*, 60 M.J. 178, 187 (C.A.A.F. 2004). However, "[a] military judge abuses his discretion when his findings of fact are clearly erroneous, when he is incorrect about the applicable law, or when he improperly applies the law." *United States v. Roberts*, 59 M.J. 323, 326 (C.A.A.F. 2004).

**B. Lawfulness of the Order**

Because the military judge erroneously concluded that AFI 90-507 did not meet the requirements of a lawful order, he abused his discretion when he dismissed the Additional Charge and its Specification for failure to state an offense.

As noted above, Appellee was charged with willful dereliction of duty and not with failure to obey a lawful order. Still, since the duty for which the Appellee was found to have been willfully derelict was created by an Air Force Instruction, the guidance concerning the lawfulness of an order is applicable in this case.

"An order requiring the performance of a military duty or act may be inferred to be lawful and it is disobeyed at the peril of the subordinate." *United States v. New,* 55 M.J. 95, 106 (C.A.A.F. 2001) (quoting *Manual for Courts-Martial, United States* (*MCM*), pt. IV, ¶ 14c (2)(a)(i) (1995 ed.)). Appellee, therefore, had the burden to establish that the order was not lawful. *Deisher,* 61 M.J. at 317.

The "essential attributes of a lawful order" include:

> (1) issuance by competent authority—a person authorized by applicable law to give such an order; (2) communication of words that express a specific mandate to do or not do a specific act; and (3) relationship of the mandate to a military duty. In addition, the accused may challenge an order on the grounds that it would require the recipient to perform an illegal act or that it conflicts with that person's statutory or constitutional rights.

*Id.* (citations omitted).

Neither the first nor second attribute of a lawful order is in dispute in this case. The question presented with respect to AFI 90-507 is the third attribute, the relationship of its prohibition against ingesting hemp products to a military duty. The parameters of the required relationship between a lawful order and a military duty are described in the *MCM*, which states, in pertinent part: "The order must relate to military duty, which includes all activities reasonably necessary to accomplish a military mission, or safeguard or promote the morale, discipline, and usefulness of members of a command and directly connected with the maintenance of good order in the service." *MCM*, pt. IV, ¶ 14.c.(2)(a)(iv) (2012 ed.). We agree with the military judge that AFI 90-507, paragraph 1.1.6, recites a clear military purpose when it states:

> Studies have shown that products made with hemp seed and hemp seed oil may contain varying levels of tetrahydrocanna-

binol (THC), an active ingredient of marijuana, which is detectable under the Air Force Drug Testing Program. In order to ensure military readiness, the ingestion of products containing or products derived from hemp seed or hemp seed oil is prohibited.

However, the military judge then ultimately concluded that since legal, well-regulated, commercially manufactured and sold food products containing hemp "cannot result in false positives" and "do not represent a threat to the integrity and accuracy of the drug testing program," there is not a sufficient nexus between military necessity and the duty AFI 90-507 seeks to impose, that AFI 90-507 is overly broad, and serves no military purpose. As to this second proposition, we conclude that military judge erred as the findings of fact did support that there is a sufficient nexus between a military purpose (the integrity of the urinalysis program) and the military duty (to refrain from consuming hemp products). Specifically, in addition to the tests referenced in the instruction that provided the basis for this nexus, the military judge also acknowledged three situations where ingestion of hemp products could directly impact the validity of the drug testing program. In his 11 August 2016 ruling, the military judge found:

> While legally available, properly manufactured, commercial food products containing hemp cannot interfere with the Air Force drug testing program, there are some theoretical ways in which food products containing hemp could create issues. For example, it is theoretically possible that KIND snacks (the company that manufactures Strong & KIND Bars such as the ones at issue in this case) could experience some kind of failure in its manufacturing process that would lead to the inclusion of unwashed and unprocessed hemp seeds in some of its Strong & KIND bars. If these adulterated products were then consumed by an Airmen [sic] who was subsequently subject to urinalysis, it is theoretically possible a "false positive" could result. That being said, no evidence was presented indicating that such a manufacturing failure has in fact ever occurred. In another example, it is theoretically possible that a person could purchase a locally legal product while overseas that could contain unprocessed hemp in concentration sufficient to interfere with the Air Force drug testing program. As with the "manufacturing failure" scenario though, no evidence was presented that this ever occurred. Finally, it is theoretically possible that an Airmen [sic] could order a hemp containing food product over the internet that would be otherwise illegal for sale in the United States that contained amounts of THC well above those allowed by the FDA for hemp

products sold legally in the United States. Once again, no evidence was presented indicating that this theoretical scenario has ever actually happened.

As the military judge found, as fact, that it was possible that a "false positive" could result from manufacturing process defects, purchase of hemp products overseas, or purchase of hemp products over the Internet, it was error for the military judge to conclude that there was an insufficient nexus between the military duty and the integrity and effectiveness of the drug testing program. Military jurisprudence has long recognized the "disastrous effects" of illicit drug use by members of the armed forces. *Murray v. Haldeman*, 16 M.J. 74, 78 (C.M.A. 1983) (quoting *United States v. Williams*, 24 C.M.R. 135, 137 (C.M.A. 1957)). Similarly, the critical nature of the drug testing program in the "military's efforts to ferret out drug abuse and thereby insure [sic] the health and readiness of its members" as well as deter drug abuse is also well-established. *United States v. Murphy*, 28 M.J. 758, 762 (A.F.C.M.R. 1989).

Even omitting these potential risks identified by the military judge, the judge also acknowledged, as stated in the instruction, that there are studies that have shown that products made with hemp seed and hemp seed oil may contain varying levels of THC. We recognize that the military judge was concerned with more recent studies that suggest such contamination—at least for commercially produced hemp products purchased in the United States and subject to FDA requirements—was unlikely. The military judge completely discounted the earlier studies and found the more recent studies to be more persuasive. Although the military judge might choose to weigh the conflicting studies in a certain way, what still remains is that there were studies as referenced in the Air Force Instruction that provided the necessary nexus between ingestion of hemp products generally and the need to ensure military readiness. The potential consumption of hemp seed products was obviously relevant in this case, as the trial defense counsel suggested the possibility that Appellee's positive urinalysis may have been the result of the "innocent ingestion" of THC from some hemp seed product. *See United States v. Young*, ACM No. S29673, 2001 CCA LEXIS 209 (A.F. Ct. Crim. App. 20 Jul. 2001 (unpub. op.) (holding that it was error—though harmless under the facts of the case—to prevent defense counsel's cross-examination of the government's expert witness regarding the scientific studies showing that hemp products contain varying levels of THC).

For these reasons, we are convinced that these facts are sufficient to establish the required nexus between the duty imposed by AFI 90-507 and the requirement to ensure military readiness and that the military judge erred in his application of the law.

### III. CONCLUSION

The appeal of the United States under Article 62, UCMJ, is **GRANTED**. The military judge's order dismissing the Specification of the Additional Charge and the Additional Charge is **REVERSED**. The Additional Charge and its Specification are reinstated. The record is returned to the convening authority for post-trial processing consistent with this opinion.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court